UNITED STATES ex rel. DICKMAN v. WILLIAMS, Com'r.

UNITED STATES ex rel. BRAUN v. SAME.

(District Court, S. D. New York.   November 18, 1910.)

1. ALIENS (§ 39*)—EXCLUSION—AUTHORITY OF CONGRESS.

Congress has an absolute, inherent right to exclude and deport aliens as a part of its sovereign power, and hence the fact that an alien has resided in the United States for a long period and intends to make his residence permanent did not affect the government's right to exclude him, if in the judgment of Congress such exclusion was proper.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 100; Dec. Dig. § 39.*]

2. ALIENS (§ 40*)—EXCLUSION—STATUTES—CONSTITUTIONALITY.

Act Cong. March 26, 1910, c. 128, § 2, 36 Stat. 264, amending Alien Exclusion Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1909, p. 450), so as to provide for the exclusion of a female alien practicing prostitution, after such alien shall have entered the United States, without reference to the term of residence, is not unconstitutional as infringing on the police power of the state.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 100; Dec. Dig. § 40.*]

3. ALIENS (§ 51*)—DEPORTATION—FEMALE .PROSTITUTES.

Where a female alien residing in the United States practiced prostitution after the amendment of Alien Exclusion Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1909, p. 450), as amended by Act Cong. March 26, 1910, c. 128, § 2, 36 Stat. 264, she was subject to deportation without reference to the length of her prior residence in the United States.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 111; Dec. Dig. § 51.*]

4. ALIENS (§ 54*)—EXCLUSION OF ALIENS—FAIR TRIAL.

Where certain alien prostitutes on being arrested in deportation proceedings were each granted a hearing on the question of deportation, and there voluntarily testified, and each admitted facts essential to authorize an order of deportation, an objection that they were not accorded a fair trial was untenable.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Habeas corpus by the United States, on the relation of Rose Dickman and on the relation of Margaret Braun, alias Alice Braun, alias Margaret Burger, to obtain relators' discharge from custody of William Williams, Commissioner of Immigration at the port of New York, under deportation warrants.   Writs dismissed.

Charles W. Bacon, for petitioners.

Henry A. Wise, U. S. Atty., and Addison S. Pratt, Asst. U. S. Atty.

HOLT, District Judge.   These are writs of habeas corpus to determine the legality of the detention of two women who have been ordered deported on the ground that they are alien prostitutes.   Each of these women had been in the country more than three years before their arrest.   Rose Dickman arrived in the United States on September 13, 1904, and Margaret Braun on July 10, 1907, and each of them

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

has resided in this country ever since. Rose Dickman was arrested on July 12, 1910, and Margaret Braun on September 14, 1910. The claim that both these women were aliens and were practicing prostitution is not disputed. The alleged grounds of their claim to be entitled to be discharged are that that part of the act of March 26, 1910 (Act March 26, 1910, c. 128, § 2, 36 Stat. 264) which provides that any alien who shall be found practicing prostitution after such alien shall have entered the United States may be deported is unconstitutional, and that, if constitutional, it is not retroactive, and does not apply to aliens who immigrated into this country before the act was passed.

The right of Congress to exclude and deport aliens from the country is absolute. It is an inherent part of the 'sovereign power. Fon Yue Ting v. United States, 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905; Turner v. Williams, 194 U. S. 289, 24 Sup. Ct. 719, 48 L. Ed. 979; United States v. Bitty, 208 U. S. 393, 28 Sup. Ct. 396, 52 L. Ed. 543. Congress could provide for the exclusion of every alien in the country or of any class of aliens. An alien who has decided to permanently reside in this country and who has acquired what is called a domicile of residence undoubtedly is entitled to the same protection of life, liberty, and property as a citizen; but the fact that an alien has resided in this country for a long time or intends to make such residence permanent does not affect in any way the right of the government to exclude him, if, in the judgment of Congress, such exclusion is proper. Fon Yue Ting v. United States, supra. The case of Keller v. United States, 213 U. S. 138, 29 Sup. Ct. 470, 53 L. Ed. 737, cited for the petitioners, which held that the portion of the act of 1907 (Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 [U. S. Comp. St. Supp. 1909, p. 450]), which made it a felony to harbor in any house for the purpose of prostitution any alien woman within three years after she shall have entered the United States, was unconstitutional, has no real application to this case. The attempt of Congress to make it a felony for any man in this country to harbor or support such a woman at any time within three years after her arrival, although he may not have known that she was an alien, and although she may have first entered upon an immoral life long after she arrived in the country, was held by the Supreme Court to be unconstitutional as an attempt to legislate on a subject over which the states in the exercise of the police power had sole jurisdiction. See United States v. Palan (C. C.) 167 Fed. 991. But the question whether a citizen of this country can be punished by federal law for establishing illicit relations with an alien woman after her arrival in this country is essentially different from the question whether such alien woman can be excluded by federal law from the country.

The only question in this case is whether Congress has adopted legislation which authorizes the exclusion of the petitioners. Section 3 of the act of 1907 provided that any alien woman or girl practicing prostitution at any time within three years after she shall have entered the United States shall be deported. Under this section, an alien woman could not be deported for practicing prostitution later than three years after she had entered the country; and before the act of 1910

there was no act authorizing the general deportation of an alien for such a reason regardless of the length of time she had resided here. The act of 1910, however, provides that any alien practicing prostitution after such alien shall have entered the United States shall be deported. Under this act, in my opinion, it is of no consequence when the alien arrived in this country. It applies to a woman who came here 30 years ago as much as to one who came 3 years ago. There is a question, however, whether it applies to a woman who has not practiced prostitution since the act went into effect. The act of 1910 is an amendment of sections 2 and 3 of the act of 1907. That act, among other things, withdrew the three-year limit in the act of 1907. Section 38, Act 1907, provides:

"That nothing contained in this act shall be construed to affect any prosecution, suit, action or proceedings, brought, or any act, thing or matter, civil or criminal, done or existing at the time of the taking effect of this act: but as to all such prosecutions, suits, actions, proceedings, acts, things or matters the laws or parts of laws repealed or amended by this act are hereby continued in force and effect."

This section in my opinion applies to the provisions in the act of 1910, which are incorporated, as amendments, into the act of 1907, and my present impression is that under these provisions the fact that an alien may have practiced prostitution more than three years after her arrival in this country and before the passage of the act of 1910 would not make her liable to deportation, and that, in order to bring such a case within the provisions of the act of 1910, proof must be produced that the alien had practiced prostitution either within three years after her arrival or after the passage of the act. But it is not necessary to definitely pass upon this question because it appears from the evidence in the case, and by the admissions of both these women under examination that they had continued the practice of prostitution later than March 26, 1910, the date of the passage of the act.

The point that these women have not had a fair trial because they were compelled to testify seems to me entirely untenable. The acting Secretary of Commerce and Labor in the order of arrest of each of these women directed that the inspector should grant each of them a hearing on the question of deportation. They were granted such hearing and voluntarily testified, and in each case admitted the facts essential to authorize the order of deportation.

My conclusion is that the writ in each of these cases should be dismissed.