ROBERT RODNEY, Plaintiff, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Defendant.

Supreme Court, New York County, June 28, 1932.

*Rubien & Bregoff* [*I. Bregoff* of counsel], for the plaintiff.

*J. L. Quackenbush* [*A. L. Wilbur* of counsel], for the defendant.

SHIENTAG, J.   The complaint alleges three causes of action — false imprisonment, malicious prosecution, and assault, all arising out of the same transaction.   Plaintiff, accused of a misdemeanor, was discharged by the magistrate.   Where a misdemeanor is involved, and an arrest is made by a private citizen, the question of reasonable and probable cause has no bearing in an action for false imprisonment save in connection with mitigation of damages. In order to justify arrest by a private person for a misdemeanor it must appear that the person accused did in fact commit the offense charged, in the presence of him who makes the arrest. " A cause of action for false imprisonment accrues whenever a person is arrested and detained by one not an officer, acting without a warrant, when no crime has in fact been committed by him, no matter with what good faith the party who caused the arrest acted." (*Johnston* v. *Bruckheimer*, 133 App. Div. 649, 652.) (See, also, Code Crim. Proc. § 183; *McLoughlin* v. *New York Edison Co.*, 252 N. Y. 202.)   The evidence tending to connect the plaintiff with the commission of the offense charged is weak and unconvincing.   The testimony of the inspector is uncorroborated, so far as essentials are concerned.   The station master, who in the Magistrate's Court testified to having seen the defendant in the very act of committing the offense, admitted on the trial before me that the first he knew of what happened was when the inspector asked him to hold the plaintiff.   The distance the inspector stood from the turnstile, the failure to confront the accused with the agent, from whom he claimed he had obtained change, the coins found in the possession of the plaintiff at the time he was arrested, all tend to cast grave doubt, not upon whether a false token was inserted in the machine, but whether in fact the plaintiff was guilty of that offense.

There is, to be sure, not much to be said for the plaintiff.   There is grave doubt as to his right to be in this country.   In order to

justify his presence here, he contradicted himself repeatedly as to his various employments, and in some instances perhaps testified falsely concerning them. But even the meanest outcast is entitled to protection against unlawful restraint of his person. " To enforce one's rights when they are violated is never a legal wrong and may often be a moral duty. It happens in many instances that the violation passes with no effort to redress it — sometimes from praiseworthy forbearance, sometimes from weakness, sometimes from mere inertia. But the law, which creates a right, can certainly not concede that an insistence upon its enforcement is evidence of a wrong." (*Morningstar* v. *Lafayette Hotel Co.*, 211 N. Y. 465, 468, per CARDOZO, J.)

The causes of action for malicious prosecution and assault will be dismissed. In the action for false imprisonment, taking all the circumstances into consideration, including the treatment of the plaintiff by the defendant's agents, judgment is directed in favor of the plaintiff in the sum of $200. Ten days' stay of execution and thirty days to make a case.