558

Coules, Respondent, vs. Pharris, Appellant.

*September 13—October 10, 1933.*

For the appellant there was a brief by *H. E. Swett* and *J. E. Richter,* both of Fond du Lac, and oral argument by *Mr. Swett.*

For the respondent the cause was submitted on the brief of *Duffy, Duffy & Hanson* of Fond du Lac.

FAIRCHILD, J. It is not disputed that respondent is an alien forbidden by the United States immigration laws, for the time being at least, to enter or remain in this country. By positive enactment this alien does not have the status of a non-resident alien, or resident alien, and while it may be difficult according to the strict definitions of international law to classify him, it clearly appears that he is a defiant person challenging the ability of this country to enforce its own laws. The disability which he has placed upon himself, it is contended by appellant, deprives the respondent of the right to sue for wages earned while thus unlawfully here. The right to exclude aliens or to limit the number to be admitted is a nation's self-preserving power which may be exercised when treaties do not prevent, whenever, in the judgment of the Congress, the interests of the country require its exercise. *Turner v. Williams,* 194 U. S. 279, 24 Sup. Ct. 719; *Tiaco v. Forbes,* 228 U. S. 549, 33 Sup. Ct. 585; *United States ex rel. Dickman v. Williams,* 183 Fed. 904.

The statute expressly prohibiting aliens from entering this country as this respondent has entered it, creates a public policy of the United States to keep without our borders all who do not come within the quotas or exceptions thereto provided for in the acts of Congress. The respondent's unlawful presence in the country is bound to be attended with restrictions, and among them is the deprivation of the right to sue for wages in the courts of the land he has secretly invaded against the express command of the government thereof.

We are of the opinion that our courts cannot properly assist one who, while unlawfully here, engages in competition with laborers lawfully here in seeking benefits to be

obtained only by avoiding the law of the land. Denied the means of collecting for his labor, he will not be likely to succeed in maintaining himself and accomplishing his cheat upon the government.

Counsel for respondent urge in his behalf the protection of the Fourteenth amendment to the United States constitution. The United States has extended to resident alien friends practically the same rights and privileges as citizens possess. But this protection cannot be extended so as to give this respondent the right to demand help of the courts in frustrating the plain purpose of Congressional acts regulating immigration. *Turner v. Williams, supra.* The right of an alien to sue is more a matter of comity than a matter of right (see note 2 Corp. Jur. p. 1070; *Disconto Gesellschaft v. Umbreit,* 208 U. S. 570, 28 Sup. Ct. 337, 127 Wis. 651, 106 N. W. 821; *Mumford v. Mumford,* 1 Gallison (U. S. C. Ct.) 366; *Daubigny v. Davallon,* 2 Anstr. 462) ; and the circumstances presented by this case show the respondent does not possess the right to demand a hearing in the courts on his claim for wages. In accordance with public policy the courts will refuse to hear him in such matter.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.