MARTINEZ v. FOX VALLEY BUS LINES, Inc.

No. 45094.

District Court, N. D. Illinois, E. D.

Dec. 24, 1936.

Hubbard, Baker & Rice, of Chicago, Ill., for plaintiff.

Alschuler, Putnam & Johnson, of Aurora, Ill., and Chas. H. Pegler, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiff sues to recover for personal injuries resulting from the alleged negligence of the defendant. Defendant set up two defenses, first, it denied the negligence charged in the complaint, and, secondly, it charged that the plaintiff was an alien whose entry into the United States was surreptitious, that he had not presented himself at any legal port of entry, or at any consular office or make application· for an immigration visa, that no immigration visa was ever issued to him, that at the time of his entry he was likely to become a public charge, that he is unlawfully within this country, is subject to deportation, and therefore "is not entitled to bring any suit in the courts of the United States. * * *" Plaintiff has moved to strike this defense.

The position of the defendant is that if an alien, citizen of a friendly country, is unlawfully in the United States he may be despoiled of his property, contracts with him may be breached, that he may be unlawfully assaulted and injured, and that he is without redress, except as the authorities may choose to prosecute criminally any one who, in his dealing with the alien, has violated some criminal law. I cannot agree with this contention.

It is within the exclusive jurisdiction of Congress to determine what aliens may enter this country and their rights and disabilities while here. Congress has legislated on these subjects, but at no time has it declared that any alien, either lawfully or unlawfully within this country, shall be debarred from access to the courts. On the contrary, it has expressly provided (Civil Rights Act, U.S.C. title 8, § 41 [8 U.S.C.A. § 41]) that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, sue and be sued, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. This act was a constitutional exercise of the power of Congress to enact appropriate legislation for the enforcement of the. provisions of the Fourteenth Amendment. Gibson v. Mississippi, 162 U.S. 565, 16 S. Ct. 904, 40 L.Ed. 1075.

One injured as a result of the negligence of another has a right of action against that other to recover damages sustained by reason of such injury. That right of action is property. Kent's Commentaries (Comstock Ed. 2) 473; Chicago, B. & Q. R. R. Co. v. Dunn, 52 Ill. 260, 264, 4 Am.Rep. 606. It is the general rule that aliens, other then enemy aliens, who are sui juris and who are not incapacitated by the laws of the place where the action is brought, may maintain suits in the proper courts to vindicate their rights and redress their wrongs. Taylor v. Carpenter (C.C.Mass.) 23 Fed.Cas.No.13,785, p. 744, Janusis v. Long, 284 Mass. 403, 188 N. E. 228, Silosberg v. N. Y. Life Ins. Co., 244 N.Y. 482, 155 N.E. 749, Lew You Ying v. Kay, 174 Wash. 83, 24 P.(2d) 596.

While an alien is permitted by the government of the United States to remain in the country, he is entitled to the protection of the laws in regard to his rights of person and property. Fong Yue Ting v. United States, 149 U.S. 698, 724, 13 S.Ct. 1016, 37 L.Ed. 905. He is entitled to the benefits of the Fourteenth Amendment, Anton v. Van Winkle (D.C.) 297 F. 340, Colyer v. Skeffington (D.C.) 265 F. 17, including the right to earn a living by following the ordinary occupations of life, Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255.

Congress, had it seen fit so to do, might have provided that an alien making an illegal entry into the country should be denied all civil rights, and the protection of the Fourteenth and Fifth Amendments. Congress has not so acted. It was content to make an illegal entry a mere misdemeanor punishable by imprisonment for a period not to exceed one year, or a fine of not more than $1,000, or both fine and imprisonment (U.S.C. title 8, § 180 (a) (8 U.S.C.A. § 180(a). It is not for the court to add to these penalties by depriving him of his property, in this case the right to recover damages for the injury inflicted by defendant.

Counsel for the defendant argue that the case of an alien who has entered the

country illegally is analogous to that of a foreign corporation doing business in a state without having received a license so to do. The argument does not impress me. Each state has a right to prescribe the terms upon which a foreign corporation may do business within its borders. The various states have passed laws regulating the admission of foreign corporations, and provided that such a corporation doing business in that state without having qualified could not maintain an action in its courts. Congress has not so provided as to aliens who have entered illegally, and no case has been called to my attention in which it is held, in the absence of a statute to that effect, that a foreign corporation which had not qualified could be denied the right to maintain an action for the enforcement of its rights.

Defendant cites the case of Coules v. Pharris, 212 Wis. 558, 250 N.W. 404, in which an alien who had entered the country illegally was denied the right to maintain an action to recover wages earned by him. I cannot agree with the reasoning of that case. On the other hand in Janusis v. Long, 284 Mass. 403, 188 N.E. 228, such an alien was permitted to sue and recover judgment for personal injuries sustained by him as a result of defendant's negligence. To the same effect, is Rodney v. Interborough Co., 149 Misc. 271, 267 N.Y.S. 86. I am in agreement with the doctrine of these cases.

The motion to strike the second defense will be allowed. An order will be entered accordingly on Thursday, December 24, 1936, at 10 a. m.