FREDERICK DEZSOFI, Plaintiff, *v.* WALTER JACOBY and THOUSAND HATS, INC., Defendants.

Supreme Court, Special Term, New York County, July 2, 1942.

*Gabriel Galef* and *Victor Jacobs* [*Milton Harawitz* of counsel], for the plaintiff.

*Pleasants & Donovan,* for the defendants.

EDER, J. Motion under rule 109 of the Rules of Civil Practice to strike out the first, second, third and fourth separate and distinct defenses in the answer contained in paragraphs 4 through

13 inclusive, on the ground that it appears on the face of said defenses, consisting of new matter, that they are insufficient in law, or in the alternative for an order pursuant to rule 103 of the Rules of Civil Practice striking out paragraphs 6, 7, 8, 9 and 10 of the answer on the ground that the allegations contained in said paragraphs are irrelevant, unnecessary and scandalous, or in the alternative for an order pursuant to rule 102 of the Rules of Civil Practice requiring the answer to be made more definite and certain, as to paragraphs 6 to 10, inclusive.

This cause was before this court on a proceeding under section 1450 of the Civil Practice Act, and for a stay under section 1451 on an application to compel submission to arbitration. (*Application of Jacoby*, 33 N. Y. Supp. [2d], 621.)

The complaint is composed of four causes of action. The *first* cause of action relates to a written contract, made with defendant Jacoby on June 12, 1941, for the formation of a corporation, the defendant Thousand Hats, Inc., a copy of which is annexed to the complaint. The plaintiff sets forth twelve breaches by the defendant and rescission of the contract is sought. The *second* cause of action is also against defendant Jacoby, and also seeks rescission of a contract made between plaintiff and said defendant on June 24, 1941, a copy of which is annexed to the complaint. The *third* and *fourth* causes of action are against both defendants Jacoby and Thousand Hats, Inc. By the *third* cause of action plaintiff seeks to recover the sum of $750 for work, labor and services performed at the special instance and request of the defendants. The *fourth* cause of action is to recover damages in the sum of $5,900.

The affirmative defenses concern the first and third causes of action only, *i. e.*, for rescission of the contract and for work, labor and services. The *first* affirmative defense alleges that the performance of the contract was impossible by reason of the Presidential Executive Order because plaintiff was a resident of Hungary and a resident of Paris, France, on and after June 10, 1940; the *second* affirmative defense alleges a series of acts of misconduct committed by plaintiff as a result of which defendant rescinded the contract with plaintiff; the *third* affirmative defense alleges that on or about September 3, 1941 the plaintiff voluntarily declared the contract terminated and thereafter failed and refused to carry out the terms of the contract; the *fourth* affirmative defense alleges that the plaintiff at all times mentioned in the complaint was an alien who had not legally immigrated to the United States and therefore cannot recover for services rendered.

The first affirmative defense is insufficient; the fact that the Executive Order referred to was in effect, *i. e.*, the " freezing " order did not prevent performance by the defendant, nor prevent plaintiff from bringing this action; the defendant could have applied for a license to the Secretary of the Treasury, pursuant to the regulations, and it should have done so; the duty and obligation to deliver the stock rested on the defendant, as promisor, and " so long as it lies within the power of the promisor to remove the obstacle of performance, legal impossibility of performance does not exist." (*Brown* v. *Morgan & Co., Inc.*, 177 Misc. 626, 635.) " In the law of contract, where *force majeure* is offered as an excuse for nonperformance, it is held that where the injunction, governmental or other restraint does not render performance absolutely impossible it is the duty of the promisor to make a *bona fide* effort to dissolve and be relieved of the restraint which operates to prevent his performance." (*Brown* case, *supra*, p. 636.) It is not enough, therefore, to merely assert impossibility of performance by reason of the executive order, but there should be an allegation of a *bona fide* attempt by defendant and that such attempt failed. This defense is therefore stricken out, with leave to amend, to set forth such facts, if they exist.

The second separate defense is sufficient, and the motion to strike it out is denied. Likewise the request for alternative relief is refused; the proper application for the details sought is by motion for a bill of particulars.

As to the third separate defense, it is withdrawn by counsel, in so far as it is directed to the third cause of action. In so far as it is sought to apply it to the first cause of action, the motion to strike it out is denied. This relates to paragraph 12 of the answer and alleges a repudiation of the contract by the plaintiff; it is a good defense. One who abandons or repudiates a contract may not enforce against the other party to it.

We come now to the final objection, *viz.*, as to the fourth separate defense, that plaintiff is barred from recovery upon his cause of action for work, labor and services performed at the special instance and request of the defendants because he illegally entered the United States; paragraph " Thirteenth " of the amended answer reads as follows: " That the plaintiff was at all times mentioned in the complaint an alien who had not legally immigrated to the United States, and therefore cannot recover for services rendered within this country."

Reliance is placed on section 141 of title 8 of the United States Code, reading as follows: "All contracts or agreements, express or implied, parol, or special, which may be made by and between any

person, company, partnership, or corporation, and any foreigner or foreigners, alien or aliens, to perform labor or service or having reference to the performance of labor, or service by any person in the United States, its Territories, or the District of Columbia previous to the migration or importation of the person or persons ·whose labor or service is contracted for into the United States, shall be utterly void and of no effect."

The defendants rely on *Coules* v. *Pharris* (212 Wis. 558, 250 N. W. 404) in support of their claim; it was an action to recover for personal services performed for defendant who admitted the services were rendered, but raised the question as to the plaintiff's capacity to bring an action to recover for wages earned in the performance of labor, the plaintiff being at the time an alien and unlawfully within the boundaries of this country. The Supreme Court of Wisconsin held that a recovery was barred and reversed a judgment in plaintiff's favor with directions to dismiss the complaint: the court declared that where the statute was shown to have been violated, public policy required that the alien should be deprived of any right to recover.

An examination of this enactment reveals that the contracts or agreements that are denounced and rendered unenforcible are only those made " previous " to the migration or importation into the United States of the person or persons whose labor or service is contracted for. It does not declare void or in any manner vitiate contracts or agreements made *after* their entry into the United States, even though such entry and continued presence is unlawful. The sole penalties prescribed for unlawful entry are deportation or fine and imprisonment; no civil rights or right to sue or seek redress in judicial tribunals is denied to an alien here under the circumstances mentioned, and I do not see how it can be read into the statute without violating basic rules of statutory construction. " It is a universal principle in the interpretation of statutes that *expressio unius est exclusio alterius* " (1 McKinney's Statutes, Consol. Laws, [1942], § 240), namely, the specific mention of one person or thing implies the exclusion of other persons or things; where a statute expressly describes the particular act, thing or person to which it shall apply, it is a general, if not altogether irresistible, inference that what is omitted or not included was intended to be omitted and excluded; these are fundamental as well as elementary rules of statutory construction, and I am of the opinion that section 141 of title 8 of the United States Code cannot be extended to embrace and include contracts or agreements made subsequent to the migration of the alien into the United States, even by application of the rule of public policy, without emasculating the mentioned basic rules and principles of statutory construction.

If it was the intention of Congress to render contracts or agreements made by aliens unlawfully in the country invalid as well as those made previous to migration or entry, it was a very simple matter for Congress to have so specifically expressed its intent, in the instant case, as it did in the other and failing to do so can only imply that such was not the intent.

Moreover, to deny to such an entrant the right to seek redress would violate, in my opinion, section 1 of the Fourteenth Amendment to the Constitution of the United States, which makes no discrimination and provides that no State shall " deny to any person within its jurisdiction the equal protection of the laws."

Accordingly, the motion to strike out the fourth affirmative defense is granted.

Motion disposed of as indicated.   Settle order.