Edward T. McCaffrey, J.
This is an action for personal injuries wherein an affirmative defense has been set forth by the defendant. Counsel has stipulated that this court will try without a jury only the affirmative defense based on a stipulated set of facts and certain documents that were offered into evidence. The right to a jury trial has not been waived as to the balance of the case. The agreed statement of facts is as follows:
1. Plaintiff is an alien having illegally entered the United States in 1957, and that deportation proceedings have been completed and that order of deportation is outstanding against him;
2. On or about February 15, 1959, plaintiff was involved in an automobile accident as a result of which he claims personal injuries. The defendant herein is deemed to be an uninsured motorist under article 17-A of the Insurance Law for the purpose of this determination;
3. Deportation proceedings were commenced prior to the accident and plaintiff was ordered deported in April, 1958. Plaintiff claims that he attempted to remain in the United States by legal proceedings to stay the order of deportation and by Congressional act. No act of Congress was passed permitting plaintiff to remain in this country. Plaintiff sought to reopen deportation proceedings in order to obtain suspension of deportation in November, 1964. This application was denied by order of the District Court of the United States for the Southern District of New York, and a final order of deportation is currently outstanding against plaintiff.
4. Plaintiff claims to have worked at various places of employment since 1958.
5. Plaintiff claims that he arrived in New York State in the Spring of 1958 and had been living continuously in Manhattan up to the date of the accident and claims that he has been living in Manhattan up to the present time. However, that the plaintiff was in hiding from Immigration Authorities after the denial of his application to obtain a suspension of his deportation order in November of 1964. Plaintiff did thereafter surrender himself to the Immigration Authorities and posted $5,000.00 bond pending the determination of proceedings which are presently being reopened before the Department of Immigration and Naturalization, which proceedings are for the purpose of suspending the order of deportation. Pending the final determination of these proceedings plaintiff is free, having posted the aforesaid bond,
*383 Since the defendant herein is an uninsured motorist the MVTAC has taken over the defense. The answer contains an affirmative defense as follows: ‘ ‘ That at all times mentioned in plaintiff’s complaint, plaintiff was not a resident of this State within the meaning of Article 17-a of the Insurance Law.”
The plaintiff herein, in order to qualify under article 17-A of the Insurance Law, must prove that he is a qualified person; and that is the sole question to be resolved. Within the meaning of the term as indicated in article 17-A of the Insurance Law and for the purposes of this action, subdivision b of section 601 states as follows: “ ‘ Qualified person ’ means (1) a resident of this state ’ ’. Therefore, the question presented here is whether this plaintiff, an illegal alien, is a “ resident of this state ” and if so he will be a “qualified person ” within the meaning of article 17-A of the Insurance Law.
Residence is defined as “ a factual place of abode ” (Black’s Law Dictionary, 4th ed.). Residence comprehends no more than a fixed abode where one actually lives for the time being. It is distinguished from domicile in that domicile is the place where a person intends eventually to return and remain. Black’s Law Dictionary [4th ed.] defines domicile as “that place where a man has his true, fixed and permanent home and principal establishment, and to which whenever he is absent has the intention of returning ”, In the term “ domicile ” is implied a legal place of residence. It cannot be said in the instant case, under the facts as set forth in the stipulation, that the State of New York is the plaintiff’s domicile in view of the fact that his presence here is under a marked cloud. However, if the Legislature had intended that a qualified person had to be a domiciliary of the State, they would have so stated. It may be assumed that the Legislature was aware of the difference between resident and domiciliary. 1 ‘ The words ‘ residence ’ and ‘ resident ’ and ‘ reside ’ in statutes have not a uniform meaning. They are to be construed in the light of the context with consideration of the purpose of the statutory enactment” (emphasis supplied) (Morek v. Smolak, 245 App. Div. 355, 356). The cases cited by the defendant herein for the purpose of indicating that an illegal alien could not acquire legal residence in this country are applicable only to the facts of the cases cited (Monteiro v. St. Just S. S. Co., 211 App. Div, 867; Aly v. Alexandria Nav. Co., 43 N. Y. S, 2d 949).
There can be no doubt that an alien illegally present in the country has the right to sue in our courts. Although his presence be illegal, it does not put him beyond the protection of the law *384 and make him an outlaw without any standing in the courts. In fact, the defendant herein concedes in his memorandum that the plaintiff does have a common-law cause of action against this defendant and that the cause of action against the named defendant will still persist irrespective of the determination herein. The only argument being made here by the defendant is that this common-law right of action does not exist when the funds are to be paid by the MVIAC because the plaintiff is not a qualified person. To ascertain whether or not this is so, it is necessary to examine into the intent of the Legislature at the time it enacted article 17-A of the Insurance Law.
“ The MVAIC was set up in 1958 (Motor Vehicle Accident Indemnification Corporation Law, Insurance Law, art. 17-A; L. 1958, ch. 759) to fill the gaps in the compulsory automobile insurance plan, which had been adopted by the State in 1956 (Motor Vehicle Financial Security Act, Motor Vehicle and Traffic Law, art. 6-A; L. 1956, ch. 655), arising from the fact that, notwithstanding the statute, some accidents might be caused by automobiles which had no insurance applicable to the accident or by e hit-and-run ’ motorists who could not be identified. The MVAIC Law was designed to afford a person injured in such an accident the same protection as he would have had if he had been injured in an accident caused by an identifiable automobile covered by a standard automobile liability insurance policy in effect at the time of, and applicable to, the accident. In the declaration of purpose in section 600 of the statute, it is explicitly stated, that ‘ The legislature determines * * * that the public interest can best be served by closing such gaps in the motor vehicle financial security act [by creating the MVAIC] ’ * * *
“ This,is plain upon a reading of the statute itself; the conclusion is strengthened by a reference to the explanatory statements issued by the interested State departments and the members of the Legislature in advocating the passage of the act and by the Governor in recommending and approving it. (N. Y. Legis. Annual, 1958, pp. 244, 299, 436, 473; see, also, Ward, New York’s Motor Vehicle Accident Indemnification Corp., 8 Buffalo L. Rev. 215, 230, 239.) ” (McCarthy v. MVAIC, 16 A D 2d 35, 38, affd. 12 N Y 2d 922.) (Emphasis supplied.)
Similarly, in Garcia v. MVAIC (18 A D 2d 62, 64) the court said: “ It is quite evident from the scheme of the statute (art. 17-A) that the Legislature intended to supply compensation through MVAIC to the effect that the claims would be recognized and the claimants compensated as if the owners or drivers of the vehicles inflicting the injuries were insured.”
*385 Paragraph 5 of the stipulation states that the plaintiff arrived in New York State in the Spring of 1958 and has lived continuously in Manhattan up to the date of the accident. Evidence has been submitted that he has had various jobs within the State of New York and is a member of a union in the City of New York. Accordingly, this court finds that since he admittedly has a cause of action against the defendant and article 17-A ‘ ‘ was designed to afford a person injured * * * the same protection as he would have had if he had been injured in an accident caused by an identifiable automobile covered by a standard automobile liability insurance policy in effect at the time of, and applicable to, the accident ” the plaintiff herein is “ a resident of this state ” within the meaning of article 17-A of the Insurance Law and accordingly is a qualified person.
Therefore, the affirmative defense set forth by the defendant is invalid and should be stricken.
This court will not sit in a Special and Trial Term Part in New York County for the balance of this year. Therefore, this case is remanded to the Day Calendar of Special and Trial Term Part I for May 3,1965.