**COMMERCIAL STANDARD FIRE AND MARINE COMPANY, Appellant,**

v.

**Henry C. GALINDO, Appellee.**

**No. 6257.**

Court of Civil Appeals of Texas, El Paso.

July 26, 1972.

Rehearing Denied Sept. 20, 1972.

Turpin, Smith, Dyer, Harman & Osborn, James T. Smith, Max N. Osborn, Midland, for appellant.

Warren Burnett, Associated, Warren Burnett, William Ruff Ahders, Richard J. Clarkson, Odessa, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a workmen's compensation case. Henry C. Galindo, Plaintiff-Appellee, brought suit against Commercial Standard Fire and Marine Company, Defendant-Appellant. Judgment was entered for Plaintiff on a jury verdict. We affirm.

The Defendant assigns two points of error which resolve themselves into one proposition; that being, whether or not an illegal alien from Mexico can be an employee within the meaning of the Workmen's Compensation Act of Texas and qualify for benefits thereunder. It appears that this is the first time this question has been presented.

The Plaintiff admitted his illegal entry, in fact, he had been deported some eight times prior to this entry. The record is clear that his presence in this country was illegal, and that his status remained unchanged from the date of his employment until the time of his alleged injury.

The Defendant contends that the matter should be determined on the reasoning found in Texas Employers' Ins. Ass'n v. Tabor, 283 S.W. 779, (Tex.Com.App. 1926) (working on Sunday); Maryland Casualty Co. v. Garrett, 18 S.W.2d 1102 (Tex.Civ.App., El Paso, 1929, dismissed) (working on Sunday); Rogers v. Traders & General Insurance Company, 135 Tex. 149, 139 S.W.2d 784 (Tex.Com.App.1940) (working without health certificate); and Service Mutual Insurance Company of Texas v. Blain et al., 140 Tex. 541, 168 S. W.2d 854 (working without a health certificate). In each of these cases, the very performance of the services contracted for necessitated a violation of the penal statutes. The Defendant points out, and correctly so, that the effect of these cases in these particular situations has been changed by legislative enactment by the 1943 amendment to Art. 8309, Sec. 1, Vernon's Ann.Civ.St. so that in each of these instances, such employment now would not deprive an injured workman of his benefits. The basic rule, however, still remains, that a contract to do a thing which cannot be performed without a violation of the law is void.

In the case presented here, the Plaintiff violated the immigration law by his illegal entry, and by reason thereof, he is subject to penalties and deportation. His contract of employment, however, is not shown in any manner to have aided him in his illegal entry. To the contrary, he had other employment in this State prior to this employment. To sustain the contentions of the

Defendant, it would be necessary to hold that an illegal alien has no legal capacity to enter into any contractual obligations nor any right of redress in the courts. In the absence of any decisions in this State, we have resorted to decisions of other jurisdictions in arriving at our decision.

■ At the outset, we take judicial notice that the Plaintiff, being a citizen of Mexico, though an illegal alien, is not an enemy alien. 42 U.S.C.A. § 1981 provides as follows:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

Even though the enactment of this legislation was not for the purpose of protecting aliens, this provision has been held to apply both to aliens and illegal aliens. Martinez v. Fox Valley Bus Lines, Inc., 17 F.Supp. 576 (Dist. Ct., N.D. Illinois, E.D. 1936); Takahashi v. Fish and Game Commission, 334 U.S. 410, 68 S.Ct. 1138, 92 L. Ed. 1478.

■■ An illegal alien seeking recovery for work, labor and services contracted for after his entry into the United States was protected under the equal protection of the laws clause of the United States Constitution. Dezsofi v. Jacoby et al., 178 Misc. 851, 36 N.Y.S.2d 672 (Sup.Ct.N.Y.Co. 1942). An illegal alien is not barred from prosecuting his action for personal injuries. Janusis v. Long, 284 Mass. 403, 188 N.E. 228 (1933); Feldman v. Murray, 171 Misc. 360, 12 N.Y.S.2d 533 (Sup.Ct.Bronx Co.1939); Catalanotto v. Palazzolo, 46 Misc.2d 381, 259 N.Y.S.2d 473 (Sup.Ct.N. Y.Co.1965).

■ The most direct authority to the contrary is found in Coules v. Pharris, 212 Wis. 558, 250 N.W. 404 (1933). There, the Plaintiff, an illegal alien, brought suit to recover wages. The Wisconsin Supreme Court reversed the lower court with instructions to dismiss Plaintiff's case stating that an illegal alien has no right of redress in the Courts and that as a matter of public policy, an illegal alien will not be heard. The decision in this case apparently stands alone, since it has not been cited with approval or followed. Roberto et al. v. Hartford Fire Ins. Co., 177 F.2d 811 (7th Cir. 1949).

We conclude that a person residing in this State whose entry may be contrary to the immigration laws is not barred, by that reason alone, from receiving workmen's compensation benefits.

The judgment of the trial Court is affirmed.