

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 18, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh St.
Austin, Texas 78701

Opinion No. H- 586

Re: Are alien children whose
parents are illegally residing
in this country entitled to attend
public schools.

Dear Commissioner Brockette:

You have requested our opinion as to whether alien children whose
parents are illegally residing in this country are entitled to attend public
schools in the district of their residence. You state that the Board of
an Independent School District is seeking to exclude students determined
to be illegally in the country.

Section 21.031 of the Education Code provides:

(a) All children without regard to color over
the age of six years and under the age of 18 years
on the first day of September of any scholastic year
shall be entitled to the benefits of the Available
School Fund for that year.

(b) Every child in this state over the age of six
years and not over the age of 21 years on the first
day of September of the year in which admission is
sought shall be permitted to attend the public free
schools of the district in which he resides or in which
his parent, guardian, or the person having lawful
control of him resides at the time he applies for
admission notwithstanding the fact that he may have
been enumerated in the scholastic census of a different
district or may have attended school elsewhere for a
part of the year.

The Honorable M. L. Brockette   page 2   (H-586)

> (c) The board of trustees of any public free school
> district of this state shall admit into the public free
> schools of the district free of tuition <u>all persons</u> over
> six and not over 21 years of age at the beginning of the
> scholastic year if such person or his parent, guardian
> or person having lawful control resides within the
> school district. (Emphasis added).

In applying this statute, the school boards of the State determine whether a child and his parents are residents of their districts. Attorney General Opinion H-63 (1973). The question has arisen whether this residence must be lawful.

Attorney General Opinion No. 2318, Book 55, p. 338 (1921), held that "[a]lien children have the same right to attend the public free schools of the State as do the children of citizens of this State." The then existing statutes, article 2899, 2900, Revised Civil Statutes of 1911, contained language almost identical to that of section 21.031 of the Education Code, including the terms "every child" and "all children." While it is unclear from the opinion whether the child in question was a legal or illegal alien, in our view the reasoning expressed is applicable in either instance.

Quoting from <u>Tape v. Hurley</u>, 6 Pac. 129 (Cal. Sup. 1885), Attorney General Opinion O-2318 (1940) notes:

> Where a law is plain and unambiguous,
> whether it be expressed in general or limited
> terms, the Legislature should be intended to
> mean what they have plainly expressed, and
> consequently, no room is left for construction.
> When the law is clear and explicit, and its pro-
> visions are susceptible of but one interpretation,
> its consequences, if evil, can only be avoided by
> a change of the law itself, to be effected by legis-
> lative and not judicial action. These rules are
> never controverted or doubted, although perhaps

> sometimes lost sight of.  In this case, if
> effect be given to the intention of the Legis-
> lature, as inidcated by the clear and un-
> ambiguous language used by them,  respondent
> has the same right to enter a public school
> that any other child has.  As the Legislature
> has not denied to the children of any race or
> nationality the right to enter our public schools,
> the question whether it might have done so does
> not arise in this case.

> We therefore conclude that the Legislature of this
> State intended that an opportunity for instruction in the
> public schools of this State should be afforded the youth
> of Texas, and the advantages of attending a public school
> should be extended to all children regardless of their
> nationality or color, whether citizen or alien, and having
> declared such to be the rights and privileges of the children
> of this State,  such right is a vested one, and as such it
> is protected and is entitled to be protected by all the
> guarantees by which other legal rights are protected and
> secured to the possessor.

The Legislature has made no effort to alter this holding through statutory amendment.  We believe the words "all" and "every" as contained in section 21.031 of the Education Code do not permit exceptions to be created by local school boards.

Whether the Legislature itself may establish an exception for illegal aliens has not been decided by the higher courts.  While we recognize that the United States Supreme Court could sustain such an exercise of legislative power, the existing case law indicates that the rights of illegal aliens are protected by 42 U.S.C.A. section 1981 and the Fourteenth Amendment to the United States Constitution. Bolanos v. Kiley, 509 F.2d 1023 (2nd Cir. 1975); Williams v. Williams, 328 F.Supp. 1380 (D.V.I. 1971); Martinez v. Fox Valley Bus Lines, 17 F.Supp. 576 (N.D. Ill. 1936); Commercial Standard Fire and Marine Co. v. Galindo, 484 S.W.2d 635 (Tex. Civ.App. --El Paso 1972, writ ref'd. , n. r. e.).

## SUMMARY

Under section 21.031 of the Education Code, alien children within the State are entitled to attend public school in the district of their residence, regardless of whether they may be "legally" or "illegally" within the United States.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg