

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 17, 1990

Mr. A. W. Pogue
Commissioner
State Board of Insurance
1110 San Jacinto
Austin, Texas 78701-1998

Opinion No. JM-1223

Re: Definition of "resident"
for purposes of article 21.28-D
of the Texas Insurance Code
(RQ-2007)

Dear Commissioner Pogue:

Your questions, as set out in the brief accompanying your request letter, are:

1. For purposes of the Life, Accident, Health and Hospital Service Insurance Guaranty Association Act, TEX. INS. CODE ANN. art. 21.28-D, what does the term 'resident' mean?

2. For purposes of the Life, Accident, Health and Hospital Service Insurance Guaranty Association Act, TEX. INS. CODE ANN. art. 21.28-D (Vernon 1981 and Vernon Supp. 1990), must a resident be a legal resident of Texas to qualify for benefits?

Insurance Code article 21.28-D creates and provides for the operation of the Life, Accident, Health, and Hospital Service Insurance Guaranty Association (the "association") for the purpose of protecting policyholders, insureds, beneficiaries, payees and assignees of certain kinds of insurance policies, annuity contracts, etc., "against failure in the performance of contractual obligation due to the impairment of the insurer." Ins. Code art. 21.28-D, § 2. Association funding is provided through assessments of "member insurers" -- those insurance companies to which the act applies that are authorized to transact business in the state. Id. §§ 5 (definitions), 9 (assessments). The protection afforded by the association to those persons covered by it includes guaranteeing, assuming, or reinsuring policies of insolvent insurers covered by the act and

p. 6476

making, or causing to be made, payment of contractual obligations of such insurers. <u>Id.</u> § 8.

Section 3 of article 21.28-D, in subsection (1)(b), provides that, with respect to the policies and contracts covered under subsection (1)(a), the act applies as follows:

> (i) to those persons who, regardless of where they <u>reside</u>, except for <u>nonresident</u> certificate holders under group policies or contracts, are the beneficiaries, assignees, or payees of the persons covered under Paragraph (ii) or (iii); and

> (ii) to those persons who are owners of or certificate holders under those policies or contracts and who are <u>residents</u> of this state at the time such insurer becomes an impaired insurer as defined in this Act; or

> (iii) to those persons who are not <u>residents</u> of this state at that time but who meet all of the following conditions:

> (A) the policies or contracts are issued by insurers domiciled in this state;

> (B) at the time the policies or contracts were issued, the persons were <u>residents</u> of this state;

> (C) the insurers did not hold a license or certificate of authority in the states in which the persons <u>reside</u> at the time a delinquency proceeding as defined by Article 21.28 of this code is commenced against those insurers;

> (D) the other states have associations similar to the association created by this Act; and

> (E) the persons are not eligible for coverage by those associations in the other state.   (Emphases added.)

Subsection (1)(b) distinguishes, in subparts (ii) and (iii) between two classes of persons covered by the act: those who were residents of this state at the time the

insurer became an impaired insurer,[1] and those who were not residents at such time but resided in Texas when the policy or contract was issued. Persons in the latter class are covered only if certain other criteria are met.

You note that article 21.28-D does not define the term "resident" as it is used in the article. You ask us in your first question, in effect, to provide such a statutory definition.[2]

We think that article 21.28-D provides ample authority for the association, the commissioner, and the State Board of Insurance to promulgate rules establishing the scope of the terms "reside" and "residence," as used in article 21.28-D, for purposes of carrying out its duties under the article. See Ins. Code art. 21.28-D, §§ 10(1)(a), 10(3)(f) (association shall promulgate "plan of operation," subject to approval of the commissioner, containing provisions "necessary or proper for the execution of the powers and duties of the association"), 10(1)(b) (if association does not submit suitable plan of operation, commissioner may adopt rules "necessary or advisable" to effectuate provisions of act), 20 ("State Board of Insurance is authorized and directed to issue such reasonable rules and regulations as may be necessary to carry out the various purposes and provisions of this Act, and in augmentation thereof"); see, e.g., 37 T.A.C. § 15.1(2), (3) (Department of Public Safety rule defining "resident" as "person whose domicile is in the State of Texas" for purposes of driver's license requirements of V.T.C.S. article 6687b).

It is not the function of this office, under the constitutional and statutory provisions governing the opinion process, to write the law or to promulgate rules for an agency's administration of the laws it is charged to carry out. Adopting legislation is a matter for the legislature. Where the legislature has properly delegated to an administrative agency the quasi-legislative power to adopt rules

---

1. See Ins. Code art. 21.28-D, § 5(8), defining "impaired insurer."

2. You request letter, on page 1, characterizes your request as for "an opinion which sets out the definition of 'resident' for the purpose of TEX. INS. CODE ANN. art. 21.28-D."

for the administration of the law the agency is charged to carry out, promulgation of those rules, within the parameters of applicable law, is properly a matter for that agency. We cannot provide a comprehensive definition of "residence" which will apply in all possible situations that may arise. Nevertheless, we offer the following discussion to assist you in carrying out the purposes of article 21.28-D.

You note in your brief, citing Prince v. Inman, 280 S.W.2d 779 (Tex. Civ. App. - Beaumont 1955, no writ) and DeLeon v. Harlingen Consol. Indep. School Dist., 552 S.W.2d 922 (Tex. Civ. App. - Corpus Christi 1977, no writ), that the definition of the term "residence" varies depending on the context of its usage and that its meaning in a particular statutory context depends on the legislative purpose behind the statute.

You point out that several authorities have distinguished between the terms "residence" and "domicile," indicating that "residence" means that a person is present and "living" in a particular locality, while "domicile" includes the additional element of intent to make that location a "fixed" and "permanent" home. See Snyder v. Pitts, 241 S.W.2d 136 (Tex. 1951)[3]; Skubal v. Skubal, 584 S.W.2d 45 (Tex. Civ. App. - San Antonio 1979, writ dism'd) (and authorities cited therein). In construing the meaning of the words "permanent residence" in an insurance policy, the court in Switzerland Gen. Ins. Co. v. Gulf Ins. Co., 213 S.W.2d 161 (Tex. Civ. App. - Dallas 1948, writ dism'd) stated that a person "may have as many residences as he may choose, but can have but one domicile."

Nevertheless, it appears that where the legislature has defined "residence," it has generally equated the term with domicile. The Election Code defines "residence," for purposes of that code, to mean "domicile, that is, one's

---

3. Interestingly, the court in Snyder, supra, held that since the purpose of the venue provision under consideration in that case was only to prevent inconvenience to parties not regularly present in the county where suit was brought, the term "domicile," as used in the provision, meant only "residence" -- i.e., requirement of the element of intent to make the location a permanent home was not necessary to serve the purpose of the statute.

home and fixed place of habitation to which he intends to return after any temporary absence." Elec. Code § 1.015. In defining "residence" for purposes of provisions dealing with the interception and use of certain communications, article 18.20, section 1(13), of the Code of Criminal Procedure, though not using the term "domicile," uses language substantially equivalent to that in the Election Code definition. Education Code section 54.052 also defines residence, for purposes of determining tuition rates at institutions of higher education, as domicile. We note that the Arizona Supreme Court in St. Joseph's Hosp. & Medical Center v. Maricopa County, 688 P.2d 986, 991 (Ariz. 1984) stated that, though the terms residence and domicile are not synonymous at common law, that jurisdiction at least had "generally treated the statutory usage of the term 'residence' as carrying the same connotations as the term 'domicile.'" See also 37 T.A.C. § 15.1(2), (3) (the Department of Public Safety rule equating residence with domicile for purposes of driver's license requirements); Attorney General Opinion JM-1212 (1990) (discussion of the meaning of the term "residence" in provisions of Government Code section 496.054 regarding prisoner work program facilities).

Using a definition of "resident" for purposes of article 21.28-D which would permit a person, in the words of the Switzerland Gen. Ins. Co. opinion, referenced above, to "have as many residences as he may choose" would, we think, clearly lead to untenable results. Section 3 in subsection (1)(b)(ii) provides that an owner or certificate holder of a covered policy is covered if he is a resident at the time the insurer becomes impaired. See also id. § 3(2)(d). We do not think that the Texas legislature or that of any other state having adopted similar provisions would have intended that a person could have "residences" in all of such states for purposes of the provisions. We think that the scheme of article 21.28-D, and particularly of section 3, contemplates that a person may not be considered to be a "resident" of more than one state at a time for purposes of the article.

You suggest in your brief that in light of the provision of section 4 of article 21.28-D that it "shall be liberally construed to effect" its purposes, the term "resident" as used in the article should be read to bear "its simplest meaning: a person living and physically present within the borders of the State of Texas." We are unsure of the import you attach to the requirement of "physical presence" in your definition. We do not think that any definition of "residence" for purposes of article 21.28-D,

whether equating the term with domicile or otherwise, could require uninterrupted physical presence. See, e.g., Elec. Code § 1.015 (language regarding "temporary absence" in the code's definition of "residence" as "domicile," quoted above). As a brief submitted in connection with your request by an insurance company points out, taken literally, the definition of "resident" you proffer would exclude a person domiciled in Texas but travelling out of state on the relevant date from the protection of the article, a result which we cannot imagine the legislature would have intended and which, moreover, would probably unconstitutionally restrict the fundamental right of interstate travel. See, e.g., Shapiro v. Thompson, 394 U.S. 618 (1969).

We note that the insurance company's brief offers a definition of "residence" quoted from Snyder, supra:

> 1. A fixed place of abode within the possession [fee or leasehold estate] of the [person claiming residence]

> 2. occupied or intended to be occupied consistently over a substantial period of time

> 3. which is permanent rather than temporary.

See Snyder at 140 (parenthetical language added by briefer).

While we do not quibble with the Snyder court's definition, which was in fact of the term "domicile" as used in a venue provision, we do not agree with the suggestion in the parenthetical language, added in the insurance company's brief to the quoted Snyder definition, that a resident must have a possessory interest in the claimed residence tantamount to a "fee or leasehold estate." We find nothing in the language of article 21.28-D or in the legislative history which suggests that the legislature intended to impose such a requirement on persons who might be entitled to protection under the article. Nor do we see how such a requirement would serve the purposes of the article. While evidence that a person rented or owned a home at relevant times under the article might be usefully considered in making findings as to whether the person was a resident at such times, such factors should not in themselves be taken as conclusive on that issue. See, e.g., Pitts v. Black, 608 F.Supp. 696 (DCNY 1984) (homeless may claim as residence for voting purposes "home base" to which they regularly return,

e.g., a public park or shelter); <u>Cramer v. Graham</u>, 264 S.W.2d 135 (Tex. Civ. App. - San Antonio 1954, writ ref'd) (persons were residents for voting purposes though they "occupied habitations consisting of trailer houses, walled-up tents, cabins and shacks . . . on public property").

We note finally in regard to your first question that we agree with the argument in your brief that whether a person holds a Texas driver's license is in itself an inadequate indicator of whether that person is a "resident" for purposes of article 21.28-D. Subsections (d) through (f) of section 3 of article 6687b, V.T.C.S., exempts "non-residents" from the requirement of obtaining a Texas driver's license. As noted above, the Department of Public Safety, by rule, defines "resident" for purposes of article 6687b as a "person whose domicile is in the State of Texas." 37 T.A.C. § 15.1(2). But whether a person obtains or fails to obtain a driver's license under article 6687b is, we think, simply an unreliable indicator in itself of whether he is in fact a "resident" for purposes of article 21.28-D. The person might have claimed Texas residence and obtained a driver's license under article 6687b though he was not in fact a resident, or he might have failed, through inadvertence or otherwise, to obtain a license though he was in fact a resident and thus required as a driver under that article to obtain a license.

The same may be said with regard to, for example, whether and where the person in question is a registered voter, whether he has registered his automobile in this state or elsewhere, or whether in other contexts such as court proceedings, he has indicated Texas or another place as his residence. Factual evidence in regard to the above matters may assist the association -- should a full factual investigation as to the issue of residence be called for in a particular case -- in making its determination. But none of these factors should in itself be taken as conclusive on the issue of "residence" for purposes of article 21.28-D. <u>See</u> Attorney General Opinion JM-611 (1986) (residence of persons who winter in Texas for purposes of voting, vehicle registration, etc.).

We turn now to your second question: whether a person must be a "legal" resident of Texas -- that is, a United States citizen or an alien legally residing in this country under federal immigration laws -- in order to be a Texas resident for purposes of article 21.28-D. You conclude in your brief that he need not be, and that therefore it is not

necessary for the association to determine the citizenship or immigration status of a person for purposes of determining his "residence" under the article. We agree.

We think it is well established that a provision of state law requiring residence does not preclude an alien, whose presence in the state is otherwise of a residential character, from receiving benefits under the provision, even though the person may not have the legal right, under federal immigration laws, to be in this country. See Attorney General Opinions JM-1021 (1989) (resident illegal aliens not excluded from coverage under Indigent Health Care and Treatment Act); JM-962 (1988) (Texas Commission for the Blind may not deny services to visually handicapped children or vocational rehabilitation services to adults because of immigration status); see also St. Joseph's Hosp. & Medical Center v. Maricopa County, supra (undocumented aliens may qualify as county residents under statutes mandating that county reimburse private hospital for emergency care to indigents); Commercial Standard Fire & Marine Co. v. Galindo, 484 S.W.2d 635 (Tex. Civ. App - El Paso 1972, writ ref'd n.r.e.) (person residing in this state whose entry may be contrary to the immigration laws is not barred, by that reason alone, from receiving workers compensation benefits).

We find no indication in the residence requirements of article 21.28-D or in the legislative history of those provisions that the legislature intended citizenship or legal immigration status to be prerequisites to "residence" for purposes of those provisions. Whether it could have constitutionally imposed such requirements had it wished to do so is, moreover, highly questionable. See Plyler v. Doe, 457 U.S. 202 (1982) (Texas statute withholding funds for public education of children not "legally admitted" into the United States violates equal protection clause of U.S. Constitution).

### S U M M A R Y

The Life, Accident, Health, and Hospital Service Insurance Guaranty Association, in its "plan of operation," or the commissioner or State Board of Insurance, by rule, have authority to define, within legal parameters, the terms "reside" and "resident" as they are used in Insurance Code article 21.28-D.

The provisions of section 3 of that article requiring that certain persons have

been residents of Texas at relevant dates under the article in order to be entitled to protection under the article do not require that those persons have at such times been United States citizens or aliens legally residing in the United States under federal immigration laws.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General