## THE KELLYVILLE COAL COMPANY

*v.*

## MARIYONA PETRAYTIS.

*Opinion filed February 21, 1902.*

PARTIES—*non resident alien may sue for damages under the mining statute.* The fact that the mother of a miner, killed by reason of an alleged violation of the act relating to mines and miners, is a non-resident alien, does not disqualify her from maintaining an action against the mine owner under section 33 of that act.

*Kellyville Coal Co.* v. *Petraytis,* 95 Ill. App. 635, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

D. D. EVANS, and GUY M. McDOWELL, for appellant.

GEORGE P. BUCKINGHAM, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District affirming a judgment rendered against the Kellyville Coal Company, in favor of appellee, Mariyona Petraytis, in the circuit court of Vermilion county, for causing the death of her son, Antone Petraytis. The deceased was employed in the coal mine of appellant and was killed by the falling of a large rock from the roof of the room in which he was working. The declaration charges a willful violation of and a willful failure to comply with the provisions of the statute relative to miners, by the coal company, in not delivering timbers for props, etc., at the usual place when demanded, and in not having its mine examined, as provided in sections 16 and 18 of "An act to revise the laws

in relation to coal mines and subjects relating thereto, and providing for the health and safety of persons employed therein," approved April 18, 1899, in force July 1, 1899. (Hurd's Stat. 1899, chap. 93, p. 1157.) It is averred that decedent was killed by reason of such violation and failure, and that appellee is his mother, and was solely dependent upon him for support. To the declaration the plea of not guilty was interposed. Upon the issues thus joined the case was tried. At the close of the plaintiff's evidence counsel for appellant moved that the jury be instructed to find the defendant not guilty, one of the reasons assigned being, that the evidence disclosed the fact that the plaintiff was a resident of Lithuania, under the sovereignty of Russia, and therefore incapable of maintaining her suit. The motion was denied and the trial proceeded. The motion to instruct the jury to return a verdict for the defendant was renewed at the close of all the evidence and again denied. The jury returned a verdict in favor of the plaintiff for $1650. The Appellate Court has affirmed the judgment rendered upon that verdict, and the cause is brought here upon further appeal.

The only question of law before this court now urged as a ground for reversing the judgment below is, that the plaintiff could not maintain this action by reason of her being a non-resident alien. It is contended by counsel for appellee that the record does not clearly show appellee to be a non-resident alien, and it is said the burden of proving that fact is upon appellant. But under our view of this case it may be conceded appellee was, at the time of bringing this suit, a non-resident alien, our opinion being that such fact does not disqualify her from maintaining her action. The statute in question (sec. 33) provides that for any injury to person or property occasioned by any willful violation of the act or willful failure to comply with any of its provisions, a right of action shall accrue "to the party injured, for any direct dam-

ages sustained thereby; and in case of loss of life by reason of such willful violation or willful failure as aforesaid, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life," etc.   The language used does not except non-residents nor preclude them from the right to sue under its provisions.

In the case of *Mulhall* v. *Fallon*, 176 Mass. 266, (79 Am. St. Rep. 309,) a case, in fact and principle, much like the one at bar, where this identical question was raised, it was held that a mother who had never been a resident of the State of Massachusetts, and who was a citizen and resident of Ireland, was entitled to recover in the courts of Massachusetts for negligently causing the death of her son.   In that case it is said: "One or two cases may be found where a general grant of a right of action for wrongfully causing death has been held to confer no rights upon non-resident aliens.   (*Deni* v. *Pennsylvania Railroad Co.* 181 Pa. St. 525; 59 Am. St. Rep. 676; 37 Atl. Rep. 558; *Brannigan* v. *Union Gold Mining Co.* 93 Fed. Rep. 164.   But compare *Knight* v. *West Jersey Railroad Co.* 108 Pa. St. 250; 56 Am. Rep. 200.)   On the other hand, in several States the right of the non-resident to sue is treated as too clear to need extended argument.   (*Philpott* v. *Missouri Pacific Railroad Co.* 85 Mo. 164; *Chesapeake, etc. Railroad Co.* v. *Higgins*, 85 Tenn. 620; 4 S. W. Rep. 47; *Augusta Railway Co.* v. *Glover*, 92 Ga. 132; 18 S. E. Rep. 406; *Luke* v. *Calhoun County*, 52 Ala. 115.)   *   * · *   In all cases the statute has the interest of the employees in mind.   It is on their account that an action is given to the widow or next of kin.   *   *   *   We cannot think that workmen were intended to be less protected if their mothers happen to live abroad, or less protected against sudden than against lingering death.  In view of the very large amount

of foreign labor employed in this State we cannot believe that so large an exception was silently left to be read in."

Counsel for the appellant rely chiefly upon the case of *Deni* v. *Pennsylvania Railroad Co. supra,* as supporting a contrary doctrine; but the same court had previously held in the case of *Knight* v. *West Jersey Railroad Co.* 108 Pa. St. 250: "As a general rule, neither citizenship nor residence is requisite to entitle a person to bring suit in Pennsylvania." This doctrine is not qualified or overruled in the *Deni case,* and it would therefore seem that the Pennsylvania cases are not in harmony on the subject. It may be said here, that neither citizenship nor residence is requisite to entitle a person to sue in the courts of Illinois. That right is certainly not questioned when sought to be exercised here by citizens of other States, and we perceive no reason why it should be granted to citizens of other States of the Union but denied to persons living in foreign countries. We are inclined to think that the authorities cited and relied upon for the holding in *Mulhall* v. *Fallon, supra,* are more in accordance with reason and justice.

Though not directly raised as a question for our decision, it is inferentially insisted that the evidence fails to show that appellant acted or failed to act willfully, and that the plaintiff was dependent upon decedent for her support. From an examination of the record it cannot be said there is no evidence whatever supporting these contentions, but, on the other hand, we find evidence tending to show a contrary state of facts, and hence the trial and Appellate Courts have found adversely to appellant upon all such questions of fact.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*