747 P.2d 244

**Emory ASHBAUGH, Petitioner,**

v.

**Nancy M. Engleman WILLIAMS (formerly Nancy Engleman White), as Personal Representative of the Estate of Marsha Maria Engleman, Deceased, and Donovan Rakestraw, as Personal Representative of the Estate of Constance Louise Rakestraw, Deceased, Respondents.**

**No. 16547.**

Supreme Court of New Mexico.

Dec. 18, 1987.

Rehearing Denied Jan. 7, 1988.

Martin E. Threet, Robert T. Reeback, Threet and King, Albuquerque, for petitioner.

William H. Carpenter, Daymon B. Ely, Carpenter Law Office, Ltd., Albuquerque, for respondents.

**ON MOTION FOR REHEARING**

Petitioner's motion for rehearing is granted. The Opinion filed December 18, 1986, is *withdrawn* and the following Opinion is substituted in its place:

**OPINION**

RANSOM, Justice.

This case is before the Court on writ of certiorari to the court of appeals to review the correctness of that court's imposition of vicarious tort liability upon an absent owner-lessor of a liquor license. Liability arose out of lessee's service of alcohol to an intoxicated patron who injured third parties. Lessor Ashbaugh was granted an interlocutory appeal when, based on the Liquor Control Act, NMSA 1978, Sections 60-3A-1 to 3A-5, 60-7A-1 to 7A-25 (Repl. Pamp.1981), the trial court denied his motion for summary judgment. The facts and proceedings are more specifically set forth in the opinion of the court of appeals and will not be repeated here.

Under Section 60-3A-2(B) of the Liquor Control Act, enacted in 1981, the licensee is fully liable and accountable for the use of the license. This accountability includes but is not limited to violations of the Act. Under Section 60-7A-16, it is a violation for a person to knowingly sell or serve alcoholic beverages to an intoxicated person. On September 13, 1982, prior to the December 1982 occurrence resulting in the injuries here, this Court held that, prospectively, liability may arise to a third party whose injuries are proximately caused by such sale or service. *Lopez v. Maez*, 98 N.M. 625, 651 P.2d 1269 (1982).

New Mexico has recognized no innkeeper accountability apart from violations of the Act. Further, in 1983 the legislature provided specifically that:

No civil liability shall be predicated upon the breach of Section 60–7A–16 NMSA 1978 by a licensee, except in the case of the licensee who:

(1) sold or served alcohol to a person who was intoxicated; and

(2) it was reasonably apparent to the licensee that the person buying or apparently receiving service of alcoholic beverages was intoxicated; and

(3) the licensee knew from the circumstances that the person buying or receiving service of alcoholic beverages is [was] intoxicated.

NMSA 1978, § 41–11–1(A) (Supp.1983). "Licensee" is defined as the person licensed and the agents or servants of the licensee. § 41–11–1(C) (Supp.1983).

Liability of the person licensed must now be predicated upon the knowing acts of the licensee, or upon vicarious liability for the knowing acts of agents or servants whose work the licensee has the right to control. *See* SCRA 1986, 13–403 and 406. The absent owner-lessor of the license would not be liable for the acts of a lessee not in the employ of the licensee. *See id.*

Plaintiffs do not assert liability of the licensee based upon any use of the license except as related to a breach of Section 60–7A–16. If Section 41–11–1(A) were applicable, then defendant would be neither directly nor vicariously liable under Section 60–7A–16. However, Section 41–11–1(A), enacted in 1983, cannot be applicable because at the time of the injury in 1982 the cause of action created by Section 60–3A–2(B) and recognized by *Lopez v. Maez* inured to the plaintiffs as a vested right. *See Torres v. Sierra*, 89 N.M. 441, 445, 553 P.2d 721, 725 (Ct.App.), *cert. denied*, 90 N.M. 8, 558 P.2d 620 (1976).

We cannot now apply Section 41–11–1(A) retroactively against the plaintiff and divest him of that right. This Court in *Rubalcava v. Garst*, 53 N.M. 295, 298, 206 P.2d 1154, 1156 (1949), quoting with approval from *Baker v. Tulsa Bldg. & Loan Ass'n*, 179 Okl. 432, 435, 66 P.2d 45, 49 (1936), declared:

[A] 'vested right' is the power to do certain actions or possess certain things lawfully, and is substantially a property right, and may be created either by common law, by statute, or by contract. And when it has been once created, and has become absolute, it is protected from the invasion of the Legislature by those provisions in the Constitution which apply to such rights. *And a failure to exercise a vested right before the passage of a subsequent statute, which seeks to divest it, in no way affects or lessens that right.* (Emphasis added.)

There is a rational basis for full liability of a licensee who might otherwise insulate himself or herself from accountability through a lease that passes profits to the lessor/licensee from an irresponsible lessee. It is contemplated that the person who seeks and is awarded the license be responsible and accountable for use of the license. While the legislature may not be said to have specifically foreseen in its 1981 legislation that a licensee would be liable for third-party injuries proximately caused by a lessee's violation of the Liquor Control Act, the legislature was not required to consider all prospects for liability when it provided that the licensee be fully liable and accountable for the use of the license. The legislation was clearly intended to be all inclusive, not selective.

Legislation is often written in terms which are broad enough to cover many situations which could not be anticipated at the time of enactment. So a statute, expressed in general terms and written in the present or future tense, will be applied, not only to existing but also prospectively to future things and conditions.

2A N. Singer, Sutherland Statutory Construction § 49.02, at 348 (Sands 4th Ed. 1984). *See also Anderson v. Black & Decker (U.S.), Inc.*, 597 F.Supp. 1298, 1302 (E.D.Ky.1984) ("Under the plain meaning rule statutes ordinarily apply to unforeseen developments unless such application would lead to an absurd result.").

We agree with the court of appeals that Section 60–3A–2(B) is clear on its face and needs no interpretation. The licensee is fully liable and accountable for the use of

**600**

the license, and this accountability includes violation of the Act. The exception for an absent owner-lessor of a license was not adopted until after liability attached in this case. We accept the reasoning of the court of appeals and affirm its opinion.

IT IS SO ORDERED.

SOSA, Senior Justice and WALTERS, J., concur.

SCARBOROUGH, C.J. (not participating).

STOWERS, J. (dissenting).

STOWERS, Justice, dissenting.

I respectfully dissent.

This case was correctly decided in the opinion filed on December 18, 1986. A further review, after rehearing, does not change my conclusion. I incorporate herein the reasoning of the original opinion.

The sole issue before us is whether, under the facts in this case, dramshop liability can be imputed to the absent, non-operating, nonparticipating owner-lessor for the actions of his lessee. The incident at issue occurred on December 10, 1982.

There was no dramshop liability in New Mexico when the Legislature enacted the Liquor Control Act in 1981, *see Marchiondo v. Roper*, 90 N.M. 367, 563 P.2d 1160 (1977); therefore, no such liability was contemplated when Section 60–3A–2(B) was enacted.

In *Lopez v. Maez*, 98 N.M. 625, 632, 651 P.2d 1269, 1276 (1982), we permitted a cause of action against a *tavernkeeper-operator* where an injury to a third person had resulted from the *tavernkeeper's sale of intoxicating liquor* to an obviously intoxicated person. *Lopez* provided a cause of action against tavern operators and was not intended to apply, nor does it apply, to an absent, nonoperating, nonparticipating owner-lessor.

Petitioner was not present, did not operate the tavern or authorize anyone on his behalf to sell liquor to Nuanes. It is unreasonable to hold a person civilly liable for that over which he has no control and which he therefore has no opportunity to prevent.

As further evidence of the fact that the Legislature never intended to impute liability to an absentee-owner for the actions of his lessee without knowledge or reason to know of those actions, we have only to look at the subsequent legislation. Section 41–11–1 enacted in 1983 states:

> A. No civil liability shall be predicated upon the breach of Section 60–7A–16 NMSA 1978 by a licensee, except in the case of the licensee who:
>
> (1) sold or served alcohol to a person who was intoxicated;
>
> (2) it was reasonably apparent to the licensee that the person buying or apparently receiving service of alcoholic beverages was intoxicated; and
>
> (3) the licensee knew from the circumstances that the person buying or receiving service of alcoholic beverages was intoxicated.

NMSA 1978, § 41–11–1(A) (Cum.Supp. 1983).

Accordingly, the judgment of the district court should be reversed and the case remanded for entry of an order granting summary judgment in favor of petitioner.