HERSEY, Chief Judge.
In this action brought under Florida’s Wrongful Death Act, sections 768.16-768.27, Florida Statutes (1987), appellant challenges the right of appellees, as foreign personal representatives, to bring an action under this statute without complying with Florida’s probate statutes pertaining to ancillary administration. Put more directly, the issue is whether foreign personal representatives have standing and capacity to bring an action in Florida for the wrongful death of their decedent. We answer in the affirmative in what appears to be a case of first impression in Florida.
Other jurisdictions are in disagreement on this issue. Some permit an action to be pursued by a foreign personal representative. See Rotella v. Joseph, 615 S.W.2d 616 (Mo.Ct.App.1981); Torres v. Sierra, 89 N.M. 441, 553 P.2d 721 (1976), cert. denied, 90 N.M. 8, 558 P.2d 620 (1976). Others do not. See, e.g., Burcl v. North Carolina Baptist Hospital, Inc., 306 N.C. 214, 293 S.E.2d 85 (1982); Barragan v. Superior Court of Pima County, 12 Ariz.App. 402, 470 P.2d 722 (1970).
Florida’s Wrongful Death Act provides simply that an action under the Act shall be brought “by the decedent’s personal representative,” without any limiting language or definitions. § 768.20, Fla.Stat. (1987).
The Florida Probate Code, section 734.-101(1), Florida Statutes (1987), provides that actions may be maintained in the courts of this state by “[pjersonal representatives who produce authenticated copies of probated wills or letters of administration duly obtained in any state or territory of the United States....”
We think it is therefore clear that a foreign personal representative may file and maintain a wrongful death action in the courts of this state. See also Sempe v. Coordinated Caribbean Transport, Inc., 363 So.2d 194 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 467 (Fla.1979).
The order appealed is affirmed and the cause remanded for further appropriate proceedings; provided, only, that appellees file, for the approval of the trial court, duly authenticated letters of their administration or such duly authenticated documents as may serve a similar function in the issuing jurisdiction.
AFFIRMED AND REMANDED.
WALDEN and GUNTHER, JJ., concur.