[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE MOTION OF THE DEFENDANTS, BROTHER BONES CAFE, INC. AND NICHOLAS GRANO, TO DISMISS THE FIRST AND THIRD COUNTS OF THE COMPLAINT
The plaintiff's decedent, a resident of Corpus Christi, Texas, died intestate in the town of Berlin, Connecticut, on March 6, 1992, as the result of injuries she received in an automobile CT Page 8216-MM accident while she was riding as a passenger in a vehicle operated by Mauro Spagnolo who had been drinking prior to the collision at the Brother Bones Care in Hartford. The defendants, Brother Bones Care, and Nicholas Grano, Jr., have moved to dismiss the first count of the plaintiff's complaint alleging liability under the dram shop act, and the third count charging them with recklessness for continuing to serve Spagnolo after he was intoxicated.
The defendants seek to dismiss those counts for lack of jurisdiction over the subject matter "in that said [p]laintiff foreign administrator failed to take out letters of ancillary administration in Connecticut. . . . They also assert that she "does not have the capacity to maintain a lawsuit" in this state.
A court has subject matter jurisdiction if it has `the power to hear and determine cases of the general class to which the proceedings in question belong.' Case v. Bush, 93 Conn. 550, 552. Jurisdiction of the subject matter is not implicated if the court is competent to hear the action which is before it for adjudication. Monroe v. Monroe, 177 Conn. 173, 185. CT Page 8216-NN
In the absence of a statute specifically giving a foreign personal representative the capacity to sue in actions for wrongful death, many courts recognize the right of a representative appointed in another state to maintain a wrongful death action where the statute in the forum state provides that the action shall be brought by the decedent's "personal representative." 22 Am.Jur.2d, Death 405. The theory underlying those decisions is that the personal representative "derives his authority to sue not from his probate appointment, but wholly from the statute authorizing the action to be brought by, and in the name of, the personal representative of the decedent." Id.
Because the source of the administrator's power to bring the action is created by the wrongful death statute of the forum state itself, his authority to do so cannot he tested by his general authority to administer the estate under the probate laws of the state in which he was appointed, but will be examined only to determine whether his status is such as to meet the definition of the term "personal representative" within the meaning of the statute of the forum state. Henkel v. Hood, 156 P.2d 790 N.M. CT Page 8216-OO 1945). The Florida District Court of Appeals recently adopted this analysis in Barfield v. Schmon, 537 So.2d 1056 (Fla.App. 1989), when it held that "foreign personal representatives have standing and capacity to bring an action in Florida for the wrongful death of their decedent. . . without complying with Florida's probate statutes pertaining to ancillary administration."
The court in Barfield based its decision on the fact that the Florida wrongful death statute provides that such an action is to be brought "by the decedent's personal representative" and contains no limiting language or restrictions upon the bringing of such an action. Id. 1057. Under the comparable Connecticut statute, General Statutes 52-555, a wrongful death action "surviving to or brought by an executor or administrator for injuries resulting in death. . . is expressly authorized and under our case law "[a]n administratrix stands in the shoes of the deceased and can recover for wrongful death only if the deceased could have recovered for his injuries had they not proved fatal." Keogh v. Bridgeport, 187 Conn. 53, at 58 59.
The Connecticut statute, like its Florida counterpart, contains CT Page 8216-PP no language qualifying the right of the decedent's personal representative to bring the action nor does it impose any pre-conditions for its commencement by "an executor or administrator." Moreover, 52-599 of the General Statutes affords additional authority for the unrestrained exercise of that right by providing that `[n]o cause or right of action shall be lost or destroyed by the death of any person, but it shall survive in favor of. . . the executor or administrator of such deceased person." (emphasis added).
The jurisdictional issue raised by this motion has not been squarely decided by our Supreme Court although the defendants cite a 1957 federal case decided by the United States District Court which held under similar factual circumstances that the plaintiff had failed to state a claim upon which relief could be granted based on considerations of federal diversity jurisdiction. See Noel v. St. Johnsbury Trucking Co., 147 F. Sup. 432
(D.C. Conn. 1957). However, there are two Connecticut cases which appear to support the result reached by the Florida appellate court in Barfield. The first case, decided in 1869, held that a foreign administrator asserting a claim under an early Connecticut death statute was entitled to pursue that action "as a matter of right" in CT Page 8216-QQ this state and that "[i]t was not the province of the [probate court in this state] to pass upon the validity of the claim. . ." Hartford N.H.R. Co. v. Andrews, 36 Conn. 213, 215. In the second case, which is factually distinguishable from this one, the Supreme Court stated that the plaintiff, as executor, was "empowered" to sue for the wrongful death of his decedent under the statute "and that right existed regardless of whether his appointment issued from a court in this state or in a foreign jurisdiction." McCoy v Raucci, 156 Conn. 115, at 118.
For the foregoing reasons, the court finds that it has jurisdiction of the subject matter of this action and that the plaintiff has standing to prosecute it. See Fuller v. Planning Zoning Commission.21 Conn. App. 340, 346. Any claim as to her lack of capacity to maintain this action should be raised by way of a special defense. Id., Practice Book 160, 164.
Accordingly, the defendants' motion to dismiss the first and third counts of the complaint is denied.
Hammer, J. CT Page 8216-RR