[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO STRIKE
This is a civil action to recover damages for injuries alleged to have occurred due to exposure to lead based paint brought by the minor plaintiff, Adrian Rendon, through his mother Maria Estrada, who also seeks to recover for medical expenses incurred on the minor's behalf. The plaintiffs have moved to strike the defendants' "Special Defense Number 1" which alleges: "On information and belief, Plaintiff Maria Estrada was and is an illegal alien having no capacity to sue or maintain a civil action in courts in the United States." Plaintiffs have also moved to strike the last sentence of the defendants' answer to the amended complaint which states: "Wherefore, defendants assert that the complaint should be dismissed in its entirety." The defendants, who have appeared in this action pro se, have not filed any memorandum in opposition to the plaintiffs' motion and supporting memorandum. CT Page 9625
Access to this state's courts is protected by article first, § 10
of the Connecticut constitution. Article first, § 10, of the Connecticut constitution provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." "Article first, § 10 . . . protects access to our state's courts. Moore v. Ganim, [233 Conn. 557], 573, [660 A.2d 742 (1995)]; Sanzone v. Board of Police Commissioners, 219 Conn. 179, 194-95, 592 A.2d 912 (1991)." (Internal quotation marks omitted.) Binette v. Sabo, 244 Conn. 23, 31, 710 A.2d 688
(1998). Under the clear language of article first, § 10, "every person" has a right to redress in the courts of this state and that right is deemed inviolate. See Gentile v. Altermatt, 169 Conn. 267, 284,363 A.2d 1 (1975). Access to our courts does not depend upon alienage or citizenship. See generally Dowling v. Slotnick, 244 Conn. 781,712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451
(1998).
Likewise, the fourteenth amendment to the United States constitution guarantees due process and equal protection of the laws to every person, regardless of alienage or citizenship. An illegal alien is "subject to the full range of obligations imposed by the State's civil and criminal laws. And until he leaves the jurisdiction . . . he is entitled to the equal protection of the laws that a state may choose to establish."Plyler v. Doe, 457 U.S. 202, 215, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982).
Numerous state courts have held that aliens who may be in this country illegally are not barred from bringing civil lawsuits otherwise allowed under the law of the jurisdiction in which they reside or were injured. See, e.g., Torres v. Sierra, 553 P.2d 721, 724, 89 N.M. 441 (1976) and cases cited therein; Collins v. NYC Health Hospitals Corp.,575 N.Y.S.2d 227, 151 Misc.2d 266 (1991); Peterson v. Neme, 281 S.E.2d 869,871 (Va. 1981) and cases cited therein. Here, Estrada has brought a recognized action for consequential damages alleged to have been caused by the defendants' negligent conduct in injuring her child. Dzenutis v.Dzenutis, 200 Conn. 290, 308 (1986). She has a constitutional right to bring this action. Thus, the plaintiffs' motion to strike the first special defense is granted.
The plaintiffs have also moved to strike the last sentence of the defendants' answer, claiming, appropriately, that an answer is not the appropriate pleading by which to seek dismissal of an action. See Practice Book § 10-30. That portion of the answer, accordingly, is expunged.
In conclusion, the court strikes Special Defense Number 1 and expunges the last sentence of the defendants' answer. CT Page 9626
LINDA K. LAGER, JUDGE